UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CISCO SYSTEMS INC.,

Plaintiff,

v.

DYNAMIC MESH NETWORKS, INC., et al.,

Defendants.

Case No. 25-cv-06441-NW

**ORDER DENYING MOTION FOR ATTORNEY'S FEES, TERMINATING MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, AND DENYING LEAVE TO FILE SUR-REPLY**

Re: ECF Nos. 70, 79, 81

On January 22, 2026, Defendants Dynamic Mesh Networks, Inc. d/b/a MeshDynamics ("Dynamic Mesh") and Francis daCosta (together, "Defendants") filed a motion for attorney's fees under 35 U.S.C. § 285, 28 U.S.C. § 1927, or the Court's inherent authority. ECF No. 70.[1] Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the hearing set for April 8, 2026, and DENIES the motion.

I.    **BACKGROUND**

The facts of this case were detailed in the Court's prior order granting Defendants' motion to dismiss ("MTD Order") and will not be repeated here. *See* ECF No. 67.

On January 8, 2026, the Court granted without prejudice Defendants' motion to dismiss for lack of subject matter jurisdiction. *Id.* The Court found "Cisco lacked standing to sue Defendants at the time it filed the complaint for a declaratory judgment of noninfringement." *Id.* at 9.

On January 22, 2026, Defendants moved for an award of attorney's fees. ECF No. 70. Cisco opposed, and Defendants submitted a reply. ECF Nos. 78, 80. In addition, Cisco moved for

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

leave to submit a sur-reply.  ECF No. 81.  Defendants opposed this motion.  ECF No. 82.  Because the Court denies Defendants' motion for attorney's fees without considering any of the arguments or materials submitted with Cisco's motion for leave to file a sur-reply, the motion for leave is TERMINATED as moot.

Additionally, Plaintiff Cisco Systems Inc. ("Plaintiff" or "Cisco") filed an administrative motion to consider whether the material of another party, in this instance Defendants, should be sealed.  ECF No. 79.  *Id.*  But, Defendants failed to file a statement or declaration describing "the applicable legal standard <u>and</u> the reasons for keeping a document under seal" pursuant to Civil Local Rule 79-5(f)(3) (emphasis in original).  Therefore, Cisco's motion is TERMINATED and the material sought to be sealed will be unsealed within ten court days of this Order, unless Defendants submit a declaration or statement in keeping with Civil Local Rule 79-5(f)(3) no later than four court days from this Order.

## II.    DISCUSSION

Defendants seek to recover attorney's fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and/or the Court's inherent authority.  ECF No. 70.  The Court addresses each in turn.

### A.    Attorney's Fees Under 35 U.S.C. § 285

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285 ("Section 285").

> [A]n "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  A district court's case-by-case analysis could consider such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at n.6.  "Federal Circuit precedent applies to a district court's decision to award fees pursuant to § 285."  *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, 41 F.4th 1372, 1378 (Fed. Cir. 2022).

United States District Court
Northern District of California

**1.　　Whether Defendants are the Prevailing Party**

Here, Cisco argues that Defendants are not the "prevailing party" within the meaning of Section 285 because the MTD Order dismissed Cisco's case without prejudice. ECF No. 78 at 21. Defendants disagree and argue that the dismissal was effectively with prejudice because Cisco cannot refile its case without violating the "first-to-file" rule. ECF No. 80 at 8. For the reasons below, Defendants are not the prevailing party within the meaning of the term.

The "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) (cleaned up). "[D]efendants need not prevail on the merits to be classified as a 'prevailing party.'" *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018). "[T]he relevant inquiry is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision—a judicially sanctioned change in the legal relationship of the parties—effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties." *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 992 (Fed. Cir. 2020) (citing *Raniere*, 887 F.3d at 1306) (quotations omitted).

Whether a case is dismissed with or without prejudice impacts whether a party prevailed. *Raniere*, 887 F.3d at 1308 (comparing dismissals *with* prejudice to those *without* prejudice). For example, a voluntary dismissal without prejudice "does not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action." *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007); *see also Transp. Techs., LLC v. Los Angeles Metro. Transportation Auth.,* No. CV 15-6423-RSWL-MRW, 2019 WL 2058630, at *3 (C.D. Cal. May 8, 2019). Likewise, a dismissal without prejudice for mootness because the court lacks jurisdiction does not confer prevailing party status. *Transp. Techs., LLC*, 2019 WL 2058630, at *3. In contrast, a voluntary dismissal with prejudice "has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court properly could entertain [the defendant's] fee claim under 35 U.S.C. § 285." *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006). Similarly, a dismissal with prejudice for lack of standing, where the standing defect was unlikely to be curable, supports

United States District Court
Northern District of California

3

finding the defendants as the prevailing party. *Raniere*, 887 F.3d at 1307.

Here, the MTD Order's dismissal without prejudice does not confer "prevailing party" status to Defendants. Like a voluntary dismissal without prejudice, Cisco is free to refile its action, should it so choose, once the jurisdictional issues are corrected. *RFR Indus., Inc.*, 477 F.3d at 1353. This differs from the posture of *Raniere*, where the district court found the standing defect was likely uncurable and dismissed with prejudice. 887 F.3d at 1307. Instead, this case is more like *Transp. Techs., LLC*, where the court dismissed the case due to the lack of jurisdiction over mooted claims. 2019 WL 2058630, at *3. Here, the Court dismissed Cisco's claims without prejudice because Plaintiff "lacked standing to sue Defendants at the time it filed the complaint for a declaratory judgment of noninfringement." ECF No. 67 at 9. Nothing prevents Cisco from refiling its action in this District once standing is corrected.

Cisco's hypothetical future violation of the "first-to-file" rule—should Cisco choose to file another declaratory judgment action against Defendants in this District—does not change the analysis. *See* ECF No. 80 at 8. "The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). Under the rule, "a district court may choose to stay, transfer, or dismiss a duplicative later-filed action, although there are exceptions and the rule is not rigidly or mechanically applied." *Id.* The rule requires "an ample degree of discretion, appropriate for disciplined and experienced judges, . . . to the lower courts." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952). Defendants' argument that "Cisco knows that it cannot refile its declaratory judgment action against Defendants as it would violate the 'first-to-file' rule" is an overstatement. ECF No. 80 at 8. Whether a district court would dismiss a later-filed action is subject to a court's substantial discretion, not a mechanical application. Thus, this future hypothetical scenario does not inform the Court's current analysis regarding whether Defendants are the "prevailing party" in this action. *Id.*

Nor do Defendants' cited cases change the result. For example, Defendants state that this

4

"Court's ruling [in the MTD Order] operates as a dismissal with prejudice" by citing *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, No. CV 19-6359-GW-JCX, 2020 WL 7889048 (C.D. Cal. Nov. 23, 2020), *aff'd,* 41 F.4th 1372 (Fed. Cir. 2022).  But in *Realtime Adaptive Streaming LLC*, the plaintiff previously dismissed a federal action including some claims involved in the case at hand, so plaintiff's voluntary dismissal "operate[d] as an adjudication on the merits and, hence, the dismissal [was] with prejudice." *Id.* at \*6, n.7.  Similarly, *Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 315CV01879BENBLM, 2020 WL 5819752 (S.D. Cal. Sept. 30, 2020), is not compelling.  There, the court dismissed one patent claim without prejudice for lack of standing but entered judgment against the plaintiffs and for the defendant after the Patent Trial and Appeals Board found the other remaining patent unpatentable. *Id.* at \*1.  Nothing like that happened here.

Accordingly, Defendants are not the prevailing party and not entitled to attorney's fees under Section 285.

### 2.    Whether This Case is Exceptional

Because the Court finds that Defendants are not a prevailing party, the Court need not examine whether this case is "exceptional" under Section 285.  *See Giesecke & Devrient GmbH v. United States, Gemalto Inc.*, No. 2022-2002, 2024 WL 3171658, at \*3 (Fed. Cir. June 26, 2024) ("Since [party that secured dismissal without prejudice] is not a prevailing party, it is not entitled to attorney fees under § 285.").  Yet even if the Court considered the question, the case is not "exceptional" to justify an award of fees.

In deciding whether a case is "exceptional" and warrants an award of fees under the Patent Act, the Court looks to the "totality of the circumstances." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (quoting *Octane Fitness LLC*, 572 U.S. at 554). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness LLC*, 572 U.S. at 554.  The Court looks to various factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* n.6.

While Cisco's standing arguments ultimately failed, Cisco's declaratory judgment action was not objectively baseless. "[A]s the Supreme Court made clear in *Octane*, fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) (quoting *Octane Fitness LLC*, 572 U.S. at 548). "[T]he mere fact that the losing party made a losing argument is not a relevant consideration; rather, the focus must be on arguments that were frivolous or made in bad faith." *Stragent, LLC v. Intel Corp.*, No. 6:11-CV-421, 2014 WL 6756304, at *4 (E.D. Tex. Aug. 6, 2014) (Dyk, Circuit J., sitting by designation); *see also, e.g.*, *Gametek LLC v. Zynga, Inc.*, 2014 WL 4351414, at *3 (N.D. Cal. Sept. 2, 2014) (declining to find case exceptional because plaintiff's litigating position, though weak, did not "descend to the level of frivolous argument or objective unreasonableness").

Failure to establish proof of standing "does not rise to the high-level of frivolity required for an award of attorneys' fees." *Blue Bottle Coffee, LLC v. Liao*, No. 21-cv-06083, 2024 WL 4004047, at *3 (N.D. Cal. July 24, 2024) (finding trademark case not exceptional despite the fact that plaintiff "failed to establish any ownership interest in any mark upon which it sued defendants because plaintiff assigned away its rights") (cleaned up); *see also Dominick v. Collectors Universe, Inc.*, No. 2:12-CV-04782-ODW, 2013 WL 990825, at *3 (C.D. Cal. Mar. 13, 2013) (finding "[i]nsufficient facts to establish subject-matter jurisdiction does not automatically coextend to indicate that there was absolutely no basis for Plaintiffs' belief that they could attain success on the merits") (emphasis omitted).

Here, as set forth in its opposition to this motion and the motion to dismiss, Cisco had a colorable basis to argue that it had standing. The MTD Order's rejection of that basis does not warrant attorney's fees. This would be punitive, and a fees award under Section 285 is not meant as a penalty for weak arguments. *See Octane Fitness LLC,* 572 U.S. at 548*; Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020).

Nor does Cisco's litigation conduct warrant attorney's fees. Cisco's manner of litigation was not so vexatious or unreasonable as to render the case exceptional. *See Guardant Health, Inc. v. Natera, Inc.*, No. 21-CV-04062-EMC, 2025 WL 2106522, at *27 (N.D. Cal. July 28, 2025)

United States District Court
Northern District of California

6

(holding case not exceptional where although "the [c]ourt looked highly unfavorably" upon some conduct, conduct was not "on the whole objectively unreasonable"); *Pac. Coast Bldg. Prods., Inc. v. CertainTeed Gypsum, Inc.*, No. 18-CV-00346-LHK, 2021 WL 75755, at *4 (N.D. Cal. Jan. 7, 2021) (recognizing an award of fees generally requires "egregious behavior" such as "destroy[ing] relevant documents," "extortion," "lack of regard for the judicial system"). Cisco's maintenance of this suit, despite Defendants' strong protestations of a lack of standing, is not the type of "egregious behavior" that merits a fee award.

Accordingly, the totality of the circumstances do not warrant a finding of exceptionality.

**B.      Sanctions Under 28 U.S.C. § 1927 or the Court's Inherent Authority**

Section 1927 permits a court to sanction an attorney who "unreasonably and vexatiously" multiplies the proceedings in a case. 28 U.S.C. § 1927. "The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010).

Additionally, "[a]n award of fees under Section 1927 . . . 'must be supported by a finding of subjective bad faith.'" *Nelson v. SeaWorld Parks & Ent., Inc.*, No. 15-CV-02172-JSW, 2021 WL 8134398, at *2 (N.D. Cal. July 9, 2021), *aff'd sub nom. Morizur v. SeaWorld Parks & Ent., Inc.*, No. 21-16495, 2022 WL 15761398 (9th Cir. Oct. 28, 2022). A court may find bad faith "when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.*

Here, Defendants failed to show by a preponderance of the evidence that this is an exceptional case within the meaning of Section 285. It follows, then, that sanctions are not warranted under 28 U.S.C. § 1927, or the Court's inherent authority. *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943 (Fed. Cir. 2010).

\ \ \

\ \ \

\ \ \

\ \ \

United States District Court
Northern District of California

**III.     CONCLUSION**

Defendants' motion for attorney's fees is DENIED. Cisco's motion for leave to file a sur-reply is TERMINATED as moot. Cisco's motion to consider whether another party's material should be sealed is TERMINATED and the material sought to be sealed will be unsealed within ten court days of this Order, unless Defendants submit a declaration or statement in keeping with Civil Local Rule 79-5(f)(3) no later than four court days from this Order. This resolves ECF Nos. 70, 79, 81.

**IT IS SO ORDERED.**

Dated: April 1, 2026

_____

Noël Wise
United States District Judge

United States District Court
Northern District of California

8